UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BRANDI R. SIMMONS,                          12 Civ. 4395 (JGK)
                Plaintiff,
                                            MEMORANDUM OPINION AND
     -against-                              ORDER OF SERVICE

52ND PRECINCT, et al.,
                Defendants.
_____

JOHN G. KOELTL, United States District Judge:

     Plaintiff, currently incarcerated at Rikers Island, brings this
pro se action, pursuant to 42 U.S.C. § 1983, alleging that Defendants
violated his constitutional rights.  Named as Defendants are the
52nd Precinct[1] and four John Does and one Jane Doe who are police
officers or detectives who were working at the 52nd Precinct between
5:00 p.m. on April 27, 2012, and 2:00 or 3:00 a.m. on April 28, 2012.


                       STANDARD OF REVIEW

     The Court is required to screen complaints brought by prisoners
seeking relief against a governmental entity or an officer or
employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court
must dismiss a complaint, or portion thereof, that states a frivolous
or malicious claim, fails to state a claim upon which relief may be
granted, or seeks monetary relief from a defendant who is immune from

_____
     [1]The 52nd Precinct serves the Bronx neighborhoods of Bedford
Park, Fordham, Kingsbridge, Norwood and University Heights.

such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see <u>Abbas v.</u> <u>Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007).  While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a <u>pro se</u> complaint liberally."  <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, <u>pro se</u> complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest."  <u>Triestman v. Fed. Bureau</u> <u>of Prisons</u>, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (citations omitted).


## **BACKGROUND**

Plaintiff alleges that on or about April 27, 2012, five officers or detectives from the 52nd Precinct falsely arrested him, "viciously" beat him, and seized $54 of his money "under the pretense that [he] was being charged with criminal sale of a controlled substance."  Compl. at 3.  Plaintiff alleges that two of the officers "physically and mentally abus[ed]" him while escorting him to North Central Bronx Hospital.  <u>Id.</u>  In addition, Plaintiff alleges that he was placed in handcuffs and shackles, "lifted in the air," taken to Central Brooking, and "thrown into the cell like cattle."  <u>Id.</u>  According to Plaintiff, he was arrested in retaliation for a previous civil rights lawsuit he had filed against officers from the same precinct that resulted in Plaintiff obtaining

2

a $17,000 settlement.  <u>Id.</u> at 5-6.  Plaintiff seeks monetary damages.  <u>Id.</u> at 5.

<strong><u>DISCUSSION</u></strong>

A.   <u>52nd Precinct</u>

Plaintiff's claims against the 52nd Precinct of the New York City Police Department must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); <u>see</u> <u>Brewton v. City of New York</u>, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); <u>Echevarria v. Dep't of Corr. Servs.</u>, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999). In light of Plaintiff's <u>pro se</u> status and clear intention to assert claims against the City of New York, the Court construes the Complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to substitute the City of New York as the defendant.  <u>See</u> Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

B.   <u>John Doe/Jane Doe Defendants</u>:

Plaintiff names four John Does and one Jane Doe.   Under <u>Valentin</u> <u>v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997), a <u>pro se</u> litigant is entitled to assistance from the district court in identifying a defendant. <u>Id.</u> at 76.   The Complaint appears to supply sufficient information to permit the New York City Law Department to identify the four John Does and one Jane Doe, officers or detectives who were working at the 52nd Precinct between 5 p.m. on April 27, 2012, and 2 or 3 a.m. on April 28, 2012.   It is, therefore, ordered that the New York City Law Department ascertain the identity of the Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served.   The New York City Law Department shall provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Plaintiff must thereafter file an Amended Complaint naming the Doe Defendants within 30 days of receiving this information.   The Amended Complaint shall replace, not supplement, the original Complaint.   An Amended Civil Rights Complaint form, which Plaintiff should complete, is attached to this Order.   Once Plaintiff has filed an Amended Complaint, if necessary, the Clerk of Court shall issue an Amended Summons and the Pro Se Office shall send to Plaintiff an amended Rule 4 service package.   Plaintiff shall then have 120 days

from the date the Amended Summons is issued to serve the Doe
Defendants.

## CONCLUSION

The Court dismisses Plaintiff's claims against the 52nd
Precinct.  The Clerk of Court is directed to add the City of New York
as Defendant.

The Clerk of Court is directed to issue a Summons in this action,
and Plaintiff is directed to serve the Summons and Complaint upon
the City of New York within 120 days.  See Fed. R. Civ. P. 4(m).  If
service has not been made within the 120 days, and Plaintiff has not
requested an extension of time to serve within that 120 days, the
Complaint may be dismissed for failure to prosecute, pursuant to
Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Clerk of Court shall serve a copy of this Order and the
Complaint on the New York City Law Department at 100 Church St., New
York, NY 10007.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that
any appeal from this Order would not be taken in good faith, and
therefore in forma pauperis status is denied for the purpose of an
appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 18, 2012
       New York, New York

JOHN G. KOELTL
United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes      ☐ No
(check one)

___ Civ. _____ (   )

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
ID#_____
Current Institution_____
Address_____
_____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
Where Currently Employed _____
Address _____ _____

*Rev. 01/2010*                                    1

Defendant  No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What
happened
to you?

_____

_____

_____

*Rev. 01/2010*                                2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**
_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?

_____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.  Which claim(s) in this complaint did you grieve?

_____

2.  What was the result, if any?

_____

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____
_____
_____

      2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.**   **Previous lawsuits:**

| | |
|---|---|
| **On these claims** | |

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____
4.   Name of Judge assigned to your case_____
5.   Approximate date of filing lawsuit _____
6.   Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

| | |
|---|---|
| **On other claims** | |

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____   No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____
4.   Name of Judge assigned to your case_____
5.   Approximate date of filing lawsuit _____

_Rev. 01/2010_                                    6

6.    Is the case still pending?  Yes _____ No _____
      If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there
      judgment in your favor?  Was the case appealed?) _____
      _____
      _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                        Signature of Plaintiff     _____

                        Inmate Number              _____

                        Institution Address        _____

                                                   _____

                                                   _____

                                                   _____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
       their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

                        Signature of Plaintiff:    _____